# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-5867 (JFB)

_____

JAMES T. HAYNES,

Petitioner,

VERSUS

PEOPLE OF THE STATE OF NEW YORK,

Respondent.

_____

**MEMORANDUM AND ORDER**
December 21, 2012

_____

JOSEPH F. BIANCO, District Judge:

James T. Haynes (hereinafter "Haynes" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in County Court, Suffolk County. Petitioner pled guilty to attempted burglary in the second degree, a Class D Violent Felony (N.Y. Penal Law §§ 110.0 and 140.25(2)). Petitioner was sentenced to an indeterminate period of imprisonment of twelve years to life as a persistent violent felony offender. The court also imposed a mandatory surcharge of $375.00 and issued the victim a permanent order of protection against petitioner.

In the instant petition, petitioner challenges his conviction on the following grounds: (1) New York's Sentence Enhancement Statute is unconstitutional; (2) petitioner was improperly adjudicated as a persistent violent felony offender; (3) petitioner's guilty plea was less than voluntary, knowing and intelligent; and (4) petitioner was denied effective assistance of counsel. (Pet. at 2-3.)

For the reasons set forth below, the petition is denied in its entirety.

## I. BACKGROUND

### A. Facts

The Court has adduced the following facts from the instant petition and the underlying record.[1]

_____

[1] The following facts were taken from the pre-trial hearing transcripts ("Apr. 9 H." and "Apr. 21 H."), the plea minutes ("P."), and the sentencing minutes ("S."). At the pre-trial hearings, Detective Donald Truesdell from the Suffolk County Police Department, Police Officer Brian Rathburn of the Suffolk County Police Department, Police Officer

At approximately 9:15 a.m. on September 10, 2007, petitioner rode his bicycle to 450 Patchogue Yaphank Road, New York and illegally entered the building located there. (Apr. 9 H. at 33.) Once inside, petitioner encountered Kimberly Quinones ("Quinones"), a resident of the home, and robbed her. (*Id.* at 33-34.) Petitioner proceeded to take $300.00 in cash, a quantity of marijuana from the night stand, a cell phone battery, and the house phone. (*Id.* at 34.) He then rode off on his bicycle to a nearby Hess gas station and bought cigarettes and mints.[2] (*Id*. at 35.)

Shortly after receiving a local notification on a burglary suspect, Police Officers Frascogna and Rowe arrived at the gas station and found petitioner, who matched the description of the suspect, sitting on a fence behind the station. (Apr. 21 H. at 29.) The officers approached petitioner, asked him to identify himself, and to explain what he was doing there. (*Id*. at 29-30.) Haynes identified himself and informed the police that he was waiting for a cab. (*Id.*) The officers also questioned petitioner about whether he had anything on him; petitioner indicated that he possessed marijuana. (*Id*. at 30.) Petitioner then handed the marijuana over to the police officers; the officers proceeded to search petitioner and recovered $294.56, a pack of Newport cigarettes, a pack of mints, and a cell phone battery. (*Id*. at 30-31.) While stopped, petitioner also informed police officers that he had just come from a house on County Road 101.[3] (Apr. 9 H. at 72.) Petitioner said,

"I went to the house to look for 'Boo' Jackson[,] who is a drug dealer in Coram and stole a .40 caliber pistol from a friend[.] I was there to get the gun[;] the girl answered the door and said Boo didn't sell drugs or have a pistol. She gave me all of her money and told me to leave." (Apr. 21 H. at 52.) During this brief questioning, petitioner did not indicate to police officers that he did not wish to speak with them.[4] (Apr. 9 H. at 73.)

Approximately ten minutes after receiving the initial burglary notification, Officer Bowen transported Quinones to the gas station to determine if petitioner was the individual who robbed her. (Apr. 21 H. at 5-7.) As Officer Bowen drove past petitioner, Quinones immediately identified petitioner as the person who had committed the burglary. (*Id*. at 8-9.) While Quinones was driven past petitioner, Haynes stated, "That was the lady's house that I was in." (*Id.* at 31.)

At the Fifth Precinct, petitioner stated that he entered the victim's home and took $300.00 in cash, a quantity of marijuana, a cell phone battery, and the house phone.[5] (Apr. 9 H. at 34.) As petitioner recounted the events that had taken place earlier, Detective Truesdell reduced petitioner's statements to a written document, which petitioner signed after having it read back to him. (*Id*. at 29-32.) Additionally, petitioner offered to show Detective Truesdell where

Eric Bowen of the Suffolk County Police Department, and Police Officer Marc Frascogna of the Suffolk County Police Department all testified.
[2] The Hess gas station is located at the corner of Old Dock Road and Horseblock Road, approximately a mile from the victim's home. (Apr. 21 H. at 7.)
[3] Police Officer Rathburn testified to hearing this statement from petitioner. Officers Rathburn and Valenti had arrived at the gas station shortly after

10:00 a.m. to assist Officers Frascogna and Rowe. (Apr. 9 H. at 69, 72.)
[4] During a pre-trial hearing, Officer Rathburn noted that petitioner appeared calm and relaxed. Officer Rathburn also stated that no threats or promises were made to petitioner while questioned. (*Id*. at 73.)
[5] Prior to taking petitioner's statement, Detective Truesdell informed petitioner of his constitutional rights, which petitioner voluntarily waived. (*Id*. at 12-20.) Detective Truesdell noted that at no point before or during the statement did petitioner appear confused or fail to cooperate. (*Id*. at 17-18.)

he had disposed of the house phone after the burglary, and proceeded to do so after his statement had been taken. (*Id.* at 35.) Detective Truesdell found the phone in the location given to him by petitioner. (*Id.* at 36.)

## B. Procedural History

### 1. Trial Court Proceedings

#### a. *Huntley/Mapp* Hearing

Petitioner was indicted in October 2007 under indictment number 3211-07. On April 9, 2008, and April 21, 2008, a suppression hearing was held to determine the admissibility of alleged statements made by petitioner to the police, and to determine if the identification procedure used by law enforcement was permissible. (Opinion of the County Court of the State of New York, Suffolk County, dated May 19, 2008 at 1.)

At the suppression hearing, petitioner's attorney argued that the oral statements made by Haynes at the gas station were inadmissible. (Apr. 21 H. at 53-54.) In support of her argument, petitioner's attorney said that the police officers had failed to warn petitioner of his *Miranda* rights before the contested statements were made, even though petitioner was allegedly under custody at the time. (*Id.* at 53.) With respect to petitioner's statements at the Fifth Precinct, petitioner's attorney urged that they be suppressed because the police had already failed to warn petitioner of his *Miranda* rights at the gas station; therefore, the recital of later *Miranda* warnings could not correct this failure. (*Id.* at 53-54.) Additionally, petitioner's attorney argued that the exigent circumstances necessary to justify show-up identifications were not present in this case. (*Id.* at 51.)

As a threshold matter, the court determined that the People's witnesses (Detective Truesdell and Police Officers Rathburn, Bowen and Frascogna) were accurate and truthful in their testimony. (Opinion of the County Court of the State of New York, Suffolk County, dated May 19, 2008 at 1.) The court then found that there was no evidence to suggest that petitioner's statement at the Fifth Precinct was involuntary or in any respects coerced. (*Id.* at 2.) The court proceeded to find that Detective Truesdell read petitioner the *Miranda* warnings before questioning him, and that petitioner voluntarily agreed to waive his rights and to speak with the police. (*Id.*) Therefore, the court concluded that petitioner "gave a voluntary, uncoerced confession to the police only after having been advised of, and knowingly waiving, his *Miranda* rights." (*Id.*) The court also noted that the statement petitioner made after Quinones was driven through the gas station was spontaneous and not made in response to any questioning. (*Id.*) Accordingly, the court denied petitioner's motion to suppress his statements. (*Id.*)

The court also denied petitioner's motion to suppress the out-of-court identification employed at the gas station. (*Id.* at 3.) The court found that petitioner's apprehension near the scene of the crime, along with the temporal proximity to the commission of the crime, was sufficient to deem the show-up identification permissible. (*Id.*)

#### b. The Plea Proceeding

On May 19, 2008, petitioner pled guilty to attempted burglary in the second degree, a Class D Violent Felony (N.Y. Penal Law §§ 110.00 and 140.25(2)). (P. at 20-21.) In exchange, the court agreed that it would impose a sentence of no more than 12 years to life imprisonment. (*Id.* at 3.) Before

entering his plea, Haynes was fully advised of the nature of the charges against him and of the rights he was waiving by entering a guilty plea, including the right to appeal. (*Id.* at 6-8.) Petitioner stated that he was entering the plea voluntarily and of his own free will. (*Id.* at 8-9.) Petitioner also denied that he was subjected to any threats or coercion. (*Id.* at 9.) Moreover, petitioner confirmed that he was not under the influence of any drugs, medicine, alcohol, or any substance that could affect or impair his ability during the proceedings. (*Id.* at 9.) Finally, petitioner stated under oath that he had enough time to discuss the plea with his attorney and that he was satisfied with her representation in the case. (*Id.* at 5-6.)

Before entering his plea, petitioner consulted with his attorney and admitted to the accusations made in a predicate statement pursuant to § 400.16(2) of the New York Criminal Procedure Law. (*Id.* at 15, 18.) In its statement, the People accused Haynes of being previously subjected to two predicate violent felony convictions as defined in Penal Law § 70.04(1)(b). (*Id.* at 16.) Specifically, the People accused Haynes of being convicted of attempted burglary in the second degree on December 20, 2000, and of receiving a subsequent sentence of 7 years' incarceration on January 9, 2001. (*Id.* at 17.) Additionally, the People accused Haynes of being convicted of robbery in the second degree on August 4, 1983, and of receiving a subsequent sentence of one and a half to four and a half years' incarceration on August 4, 1983. (*Id.*) By admitting to this statement, petitioner recognized that the court would classify him as a persistent violent felony offender. (*Id.*) Petitioner did not raise any constitutional or other objections to the prior convictions contained in the predicate felony statement, even after being questioned by the court. (*Id.* at 17.)

### c. Sentencing

On July 30, 2008, petitioner was sentenced as a persistent violent felony offender to an indeterminate period of imprisonment of twelve years to life. (S. at 7.) Further, the court imposed a mandatory surcharge of $375.00 upon petitioner and issued a permanent order of protection against him in favor of the victim, Miss Quinones. (*Id.* at 6.)

During the sentencing hearing, petitioner's counsel addressed his persistent violent felony offender status. (*Id.* at 4.) Petitioner's counsel stated, "I would just want to point that out, that the initial crime that categorized him as a prior violent I believe happened in 1983. Judge, I have gone over the dates with my client. This is the category he does fall into." (*Id.*)

### 2. Petitioner's State Appeals

Petitioner appealed his conviction to the Appellate Division, Second Department on the following grounds: (1) New York's Sentence Enhancement Statute is unconstitutional; (2) petitioner was improperly adjudicated as a persistent violent felony offender; (3) petitioner's guilty plea was less than voluntary, knowing, and intelligent; and (4) petitioner was denied effective assistance of counsel.[6] *See People v. Haynes*, 70 A.D.3d 718, 718-19 (2d Dep't 2010). In a decision dated February 2, 2010, a panel of the Appellate Division affirmed petitioner's conviction. *Id.* Although the predicate statement filed by the People failed to set forth any tolling periods, the court concluded that petitioner's valid waiver of his right to appeal precluded

---

[6] In petitioner's brief on appeal, he did not raise the voluntariness of his plea as a separate argument, but instead incorporated this argument within his other three arguments. (Def.-Appellant Br., Sept. 22, 2009.)

him from challenging the legality of the procedure used in sentencing him as a persistent violent felony offender. *Id.* The court also found petitioner's contention that the omission of the tolling information rendered his plea less than knowing, voluntary, and intelligent to be unpreserved for appellate review because petitioner did not move to withdraw his plea on that basis. *Id.* at 719. In any event, the court found that the omission of the tolling information in the statement was harmless; petitioner did not dispute that his incarceration was long enough that the prior sentence was imposed within the 10-year limitation period. *Id.*

Further, the court concluded that petitioner's valid waiver of his right to appeal precluded review of his contention that his adjudication as a persistent violent felony offender violated the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.*

With respect to petitioner's claim that he was denied effective assistance of counsel, the court held that petitioner's valid waiver of his right to appeal also precluded review, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of petitioner's plea. *Id.* Furthermore, the court stated that this contention was not properly presented on direct appeal to the extent it was premised on his attorney's failure to investigate, because such a claim involves matters outside the record. *Id.* Finally, the court found that to the extent the claim can be reviewed because it concerned an alleged effect on the voluntariness of petitioner's plea of guilty, petitioner was afforded meaningful representation. *Id.*

Petitioner applied for leave to appeal to the Court of Appeals, raising the same grounds he did in his appeal to the Appellate Division. (Pet. at 3.) On June 23, 2010, the application was denied. *Id.*

## C. The Instant Petition

Petitioner filed the instant petition on December 12, 2010. Respondent filed its response on February 25, 2011. The Court has fully considered the submissions and arguments of the parties.

## II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Clearly established Federal law'" is comprised of "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of

the relevant state-court decision.'" *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413.

AEDPA establishes a deferential standard of review: "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "'some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236,

238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

## III. DISCUSSION

### A. Procedural Bar

#### 1. Failure to Exhaust

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal alteration, citation, and quotation marks omitted).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-

66. "A petitioner has 'fairly presented' his claim only if he has informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Jones v. Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (internal citation and quotation marks omitted). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye*, 696 F.2d at 191 (internal citations omitted). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192 (footnote omitted.)

2. State Procedural Requirements

Like the failure to exhaust a claim, the failure to satisfy the state's procedural requirements deprives the state courts of an opportunity to address the federal constitutional or statutory issue in a petitioner's claim. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman*, 501 U.S. at 735 n.1) (additional citations and emphasis omitted). Where the petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n. 9 (1989); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, for exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Keane*, 118 F.3d at 139 (internal citation and quotation marks omitted).

However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman*, 501 U.S. at 744-51)). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Netherland*, 518 U.S. at 162 (citations omitted).

The procedural bar rule in the review of applications for writs of habeas corpus is based on the comity and respect that state judgments must be accorded. *See House v. Bell*, 547 U.S. 518, 536 (2006). Petitioner's federal claims may also be procedurally barred from habeas corpus review if they were decided at the state level on adequate and independent procedural grounds. *See Coleman*, 501 U.S. at 729-33. The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id.* at 730-31.

Once it is determined that a claim is procedurally barred under state rules, a

federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Id.* at 750 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### 3. Application

#### a. Claims Relating to New York's Persistent Violent Felony Offender Statute

Petitioner makes two separate claims in relation to New York's recidivist persistent violent felony offender statute. First, petitioner argues that New York's persistent violent felony offender statute is unconstitutional because it violates the principles announced by the Supreme Court in *Apprendi*. (Pet'r's Br. at 9.) Second, petitioner argues that he was improperly adjudicated as a persistent violent felony offender because the People violated N.Y. Crim. Proc. Law § 400.16(2). (*Id.* at 10.) Respondent argues that both claims are procedurally barred because petitioner validly waived his right to appeal such claims during the plea hearing. (Resp't's Br. at 9-11.) Because a valid waiver of the right to appeal constitutes an independent and adequate state law ground, and because the waiver was valid (for reasons discussed *infra*), both claims are barred from federal habeas review.

The Appellate Division declined to review the merits of petitioner's claims with respect to the Persistent Violent Felony Offender Statute because it found that petitioner had validly waived his right to appeal such challenges. *Haynes*, 70 A.D.3d at 718-19. In foreclosing its review, the Appellate Division relied on New York law regarding the validity of waivers of appeal. *Id.* (citing *People v. Lassiter*, 48 A.D.3d 700 (2d Dep't 2008); *People v. Backus*, 43 A.D.3d 409, 410 (2d Dep't 2007)).

Courts within this Circuit have held that affirmative waiver of a petitioner's right to appeal can provide an adequate and independent state ground on which to deny habeas relief, and this Court agrees with the analysis contained in these decisions. *See, e.g., Colon v. New York*, No. 08 Civ. 0170(DC), 2009 WL 1116478, at *4 (S.D.N.Y. Apr. 27, 2009) ("Waiver of a right to appeal is an adequate and independent state ground for the Appellate Division to have denied [petitioner]'s appeal."); *Gordon v. Poole,* No. 07-CV-474, 2008 WL 495510, at *3 (W.D.N.Y. Feb. 21, 2008) ("A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection, or waiver of right to appeal with guilty plea." (internal citation omitted)). Therefore, the individual claims related to New York's persistent violent felony offender statute cannot be reviewed by this Court because the Appellate Division dismissed them on an independent and adequate state procedural ground. *See Coleman*, 501 U.S. at 729-31. When a state court relies on an independent and adequate state law ground – such as, in this case, a valid waiver of right to appeal – federal habeas review is denied. *See Spikes v. Graham*, No. 9:07-CV-1129 (DNH/GHL), 2010 WL 4005044, at *11 (N.D.N.Y. July 14, 2010). Accordingly, petitioner's two separate claims related to New York's persistent violent felony offender statute are

procedurally barred from review by this Court.[7]

In order for a petitioner to overcome a procedural bar, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. However, petitioner has failed to meet his burden with respect to either claim regarding New York's persistent violent felony statute. Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will take place if the Court fails to consider these procedurally defaulted claims. Thus, petitioner's claims regarding New York's persistent violent felony offender statute are not reviewable by this Court. However, assuming *arguendo* that these claims were

properly before this Court, as discussed *infra*, these claims are clearly without merit.

### b. Ineffective Assistance of Counsel

Petitioner argues that he was denied effective assistance of counsel because counsel failed to: (1) investigate the constitutionality of his 1983 conviction; (2) challenge the prosecutor's statement to the court that petitioner had two prior convictions, thereby violating *Crawford v. Washington*, 541 U.S. 36 (2004); and (3) address petitioner's drug use at either the plea or sentencing hearing. (Pet'r's Br. at 4-7.) Respondent contends that petitioner's valid waiver of his right to appeal at the plea hearing precludes federal habeas review of this claim, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of petitioner's plea. (Resp't's Br. at 14-15.) Moreover, insofar as petitioner's ineffective assistance of counsel claim is based on his attorney's failure to investigate, respondent argues that it involves matters outside the record and it is not properly presented on direct appeal. (*Id.*) The Court finds that petitioner's valid waiver of his right to appeal constitutes an independent and adequate state law ground which bars federal review of petitioner's ineffective assistance of counsel claim, except to the extent the claim may have affected the voluntariness of petitioner's plea. Furthermore, to the extent petitioner's ineffective assistance of counsel claim is based on his attorney's failure to investigate, this Court determines that the claim is unexhausted and thus not reviewable.

The Appellate Division concluded that "defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance of

---

[7] Moreover, the Appellate Division's reliance on a defendant's valid waiver of the right to appeal as a procedural bar was not exorbitant in this case. The Supreme Court concluded that in a limited category of "exceptional cases," when the state appellate court has applied a firmly established and regularly followed procedural ground in an "exorbitant" manner, so that the application of the ground was inadequate, federal courts are not barred from reviewing such a claim on the merits. *See Lee v. Kemna*, 534 U.S. 362, 376, 381 (2002). In *Cotto v. Herbert*, 331 F.3d 217 (2d Cir. 2003), the Second Circuit stated that the factors to consider in making this determination are "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state [case law] indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." *Id.* at 240. Having reviewed these factors, the Court concludes that the Appellate Division did not apply the procedural bar of valid waiver of right to appeal in an exorbitant manner.

counsel may have affected the voluntariness of his plea." *Haynes*, 70 A.D.3d at 719 (citing *People v. Perazzo*, 65 A.D.3d 1058, 1059 (2d Dep't 2009); *People v. Velez*, 64 A.D.3d 799 (2d Dep't 2009)). As discussed *supra*, established New York law recognizes the validity of waivers of appeal, and federal courts have thus found valid waivers of the right to appeal to constitute an independent and adequate state-law ground that precludes review. *See id.* (citing *Lassiter*, 48 A.D.3d at 700; *Backus*, 43 A.D.3d at 409); *Gordon*, 2008 WL 495510 at *3. New York law exempts from the general bar produced by such waivers those claims that affect the voluntariness of a defendant's plea. *See Cross v. Perez*, 823 F. Supp. 2d 142, 153 (E.D.N.Y. 2011) ("To survive the waiver, according to New York courts, the claim of ineffective assistance must directly pertain to the defendant's decision to plead guilty – in other words, the claim must go to the very heart of the process." (internal citation and quotation marks omitted)); *People v. Finklestein*, 25 A.D.3d 456, 457 (1st Dep't 2009) ("Although defendant waived his right to appeal, his claim that his attorney rendered ineffective assistance . . . is reviewable to the extent it affects the voluntariness of his plea . . . .").

In addressing petitioner's claim, the Appellate Division relied on established New York law that the valid waiver of petitioner's right to appeal precluded appellate review of his ineffective assistance of counsel claim, with exception to any alleged effect this claim may have on the voluntariness of his plea. Petitioner's ineffective assistance of counsel claim, with the exception described above, cannot be reviewed because the Appellate Division relied on an independent and adequate state procedural ground. *See Coleman*, 501 U.S. at 729-31. This claim is therefore procedurally barred from federal habeas review.[8]

In addition, the Appellate Division ruled that, to the extent petitioner's ineffective assistance of counsel claim is based on his attorney's failure to investigate, the claim was not properly before the court because it relied on matters outside the record. *Haynes*, 70 A.D.3d at 719. Petitioner may raise arguments outside the record in a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10. Because, petitioner's ineffective assistance of counsel claim with respect to his attorney's failure to investigate is unexhausted, it is not properly reviewable by this Court.

Even if an independent and adequate state ground bars the petitioner's claim, a federal court may review the merits of the claim if petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner has failed to meet his burden with respect to both the state procedural requirement and exhaustion components of his ineffective assistance of counsel claim. First, petitioner shows no external cause or prejudice to warrant the setting aside of his waiver. Second, petitioner has not provided any explanation for his failure to properly exhaust his ineffective assistance of counsel claim in state court. Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will result if the Court fails to consider his procedurally defaulted

---

[8] Additionally, the Appellate Division's reliance on a defendant's valid waiver of the right to appeal as a procedural bar was not exorbitant in this case. *See Lee*, 534 U.S. at 376. Having considered the factors set forth in *Cotto*, 331 F.3d at 240, in connection with this exception, the Court concludes that the Appellate Division did not apply the procedural bar of valid waiver of right to appeal in an exorbitant manner.

claim. Accordingly, petitioner's ineffective assistance of counsel claim is not reviewable by this Court, except to the extent it concerns the voluntariness of petitioner's plea. However, assuming *arguendo* that this claim was properly before this Court, as discussed *infra,* this claim is clearly without merit.

### c. Validity of Guilty Plea

Petitioner argues that his guilty plea was not knowing, intelligent, and voluntary because: (1) the statement according to which he was adjudicated as a persistent violent felony offender was defective; and (2) he received ineffective assistance of counsel. (Pet'r's Br. at 7.) As to petitioner's first argument, respondent argues that petitioner's claim is procedurally barred because petitioner failed to withdraw his plea on the basis that it was not knowing, voluntary and intelligent. (Resp't's Br. at 18.) The Court agrees with respondent and finds this claim to be procedurally barred because petitioner did not move to withdraw his plea on the basis of its purported involuntary nature, or to vacate the judgment of conviction. This leaves the claim unpreserved for review and serves as an independent and adequate state law ground wherefrom federal habeas review is denied.

In order to preserve a claim that a guilty plea was involuntarily made, New York courts have held that "a defendant must either move to withdraw the plea under C.P.L. § 220.60(3) or move to vacate the judgment of conviction under C.P.L. § 440.10."[9] *Snitzel v. Murry*, 371 F. Supp.

2d 295, 300-01 (W.D.N.Y. 2004) (citing New York cases); *accord Larweth v. Conway*, 493 F. Supp. 2d 662, 668-69 (W.D.N.Y. June 29, 2007) ("In New York, the firmly established and regularly followed rule for preserving a claim that a guilty plea was involuntarily entered requires a defendant to move to withdraw the plea or to vacate the judgment of conviction." (internal citations and quotation marks omitted)); *Vibbert v. Superintendent*, No. 09-CV-506 (GTS/DRH), 2010 WL 1817821, at *3 (N.D.N.Y Mar. 26, 2010) (Report and Recommendation) ("[A]lthough [petitioner]'s contention that his plea was not knowingly entered survives the waiver of the right to appeal, by failing to move to withdraw his plea or to vacate the judgment before his initial appeal, [petitioner] failed to preserve his claim for federal habeas review. The procedural bar relied upon by the Appellate Division in this case was firmly established and regularly followed, and therefore constitutes an adequate state-law ground barring review of the merits of [petitioner]'s claim." (internal citation and quotation marks omitted)).

The Appellate Division found "defendant's contention that the omission of the tolling information rendered his plea less than knowing, voluntary and intelligent is unpreserved for appellate review because he did not move to withdraw his plea on this basis." *Haynes*, 70 A.D.3d at 719 (internal citations omitted). The Appellate Division thus disposed of petitioner's claim based on established New York law that a defendant's failure to withdraw a plea or to vacate a judgment of conviction leaves his claim of an involuntary guilty plea unpreserved for review. Therefore, petitioner's claim cannot be reviewed by this Court because it was decided on an independent and adequate

---

[9] C.P.L. § 220.60(3) provides that: "At any time before the imposition of a sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment, or a plea of not responsible by reason of mental disease or defect, to withdraw such plea, and

in such event the entire indictment, as existed at the time of such plea, is restored."

state procedural ground. *See Coleman*, 501 U.S. at 729-31. Accordingly, federal habeas review of this claim is foreclosed.[10]

Notwithstanding petitioner's failure to preserve his claim of an involuntary guilty plea, this Court may still review the merits of this claim if petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. Here, petitioner has failed to demonstrate cause or prejudice. Petitioner does not offer any arguments for why he did not move to withdraw his plea or to vacate his judgment of conviction. To the extent petitioner suggests that the procedural default was a result of ineffective assistance of counsel, "[w]here, as here, a petitioner cannot prevail on the merits of his claim[], he cannot overcome a procedural bar by claiming ineffective assistance of counsel." *McLeod v. Graham*, No. 10 Civ. 3778(BMC), 2010 WL 5125317, at *4 (E.D.N.Y. Dec. 9, 2010) (citing *Aparicio v. Artuz*, 269 F.3d 78, 99 n.10 (2d Cir. 2001); *Larrea v. Bennett*, 368 F.3d 179, 182 (2d Cir. 2004)). Petitioner has also failed to show that a miscarriage of justice would occur if the Court failed to review his claim on the merits. Thus, petitioner's claim of an involuntary guilty plea is barred from federal habeas review on state procedural grounds. However, assuming *arguendo* that this claim was properly before this Court, as discussed *infra*, this claim is clearly without merit.

---

[10] In addition, the Appellate Division's reliance on the procedural ground with respect to petitioner's claim of an involuntary guilty plea was not exorbitant in this case. *See Lee*, 534 U.S. at 376. Having considered the factors set forth in *Cotto*, 331 F.3d at 240, in connection with this exception, the Court concludes that the Appellate Division did not apply the independent and adequate state law ground in an exorbitant manner.

## B. The Merits

### 1. Constitutionality of New York's Persistent Violent Felony Offender

Petitioner claims that New York's persistent violent felony offender sentencing statute, Penal Law § 70.08, is unconstitutional and in contravention of Supreme Court rulings because it denies him the right to a jury trial. (Pet'r's Br. at 9.) Petitioner presumably relies on *Apprendi*, 530 U.S. at 490, and *Ring v. Arizona,* 536 U.S. 584, 597 n.4 (2002). For the reasons set forth below, petitioner's claim fails on the merits and does not provide a basis for habeas relief.

Penal Law § 70.08 requires that, when the sentencing court finds that a person who "stands convicted of a violent felony offense" has previously "been subjected to two or more predicate violent felony convictions," then it "must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment," and the minimum term of which depends on the nature of the violent felony offense for which the defendant stands convicted. N.Y. Penal Law § 70.08.

In *Apprendi*, the Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; *see also Cunningham v. California,* 549 U.S. 270, 281 (2007); *People v. Quinones*, 12 N.Y.3d 116, 122-24; *People v. Rivera*, 5 N.Y.3d 61, 67 (2005).

Although the Second Circuit has not ruled on the validity of Penal Law § 70.08 in light of *Apprendi* challenges, it has addressed the validity of New York's

parallel recidivist enhancement statute, Penal Law § 70.10, in appeals raising identical contentions. Under Penal Law § 70.10, the court is allowed to enhance a convicted felon's sentence if that felon has both: (1) two prior felony convictions; and (2) a history and character such that the court may find extended incarceration to be warranted and in the public's best interest. *Id.* The Second Circuit held that it was not unreasonable for the state courts to uphold this statute because this recidivist sentencing scheme was distinct from those that had been struck down by the Supreme Court in the wake of *Apprendi. See Portalatin v. Graham*, 624 F.3d 69, 93 (2d Cir. 2010) (en banc). Under Penal Law § 70.10, unlike the statutes that had been overturned, "the predicate felonies alone expand the indeterminate sentencing range within which the judge has the discretion to operate, and that discretion is cabined only by an assessment of defendant's criminal history." *Id.* at 94.

Unlike New York's persistent felony offender statute, the persistent violent felony offender statute pursuant to which petitioner was sentenced requires only a finding that the defendant had two or more predicate violent felony offenses. *See* N.Y. Penal Law § 70.08. Because Penal Law § 70.08 enhances a defendant's liability based solely on the facts of prior convictions, district courts in this circuit have rejected similar challenges to this statute based on the principles articulated in *Apprendi*; the Court agrees with the analysis contained in these decisions. *See, e.g., Crowder v. Ercole*, No. 09-cv-3401(CBA), 2012 WL 5386042, at *16 (E.D.N.Y. Nov. 2, 2012) ("*Apprendi*, however, explicitly carved out an exception for the fact of a prior conviction . . . Thus, the Appellate Division's determination that New York's persistent violent felony offender is constitutional was not contrary to or an unreasonable application of clearly

established Supreme Court precedent."); *Martin v. Ercole*, No. 07-CV-7171(KMK), 2012 WL 4465854, at *3 (S.D.N.Y. Sept. 27, 2012) ("[C]ourts have consistently rejected the claim . . . that sentences based on a judge's determination that the defendant is a persistent violent felon, pursuant to N.Y. Penal Law § 70.08, are unconstitutional."). Moreover, the Second Circuit's decisions upholding Penal Law § 70.10, which provides more discretion to trial courts than 70.08, "confirm[s], *a fortiori*, the constitutionality of § 70.08." *Boutte* v. Poole*, No. 07 Civ. 8412(GEL), 2008 WL 3166696, at *4 (S.D.N.Y. Aug. 4, 2008).

In sum, the Appellate Division's affirmance of petitioner's conviction and enhanced sentence is consistent with *Apprendi*. Petitioner's claim on this ground therefore fails.

### 2. Adjudication as a Persistent Violent Felony Offender

Petitioner claims that he was improperly adjudicated as a persistent violent felony offender because the prosecution failed to fully comply with N.Y. Crim. Proc. Law § 400.16(2).[11] (Pet'r's Br. at 10.) Specifically, petitioner asserts that he was unable to ascertain the appropriate use of a 1983 conviction as a predicate felony because of the prosecution's error. (*Id.*) For the reasons discussed *infra*, petitioner's claim fails on the merits, and the Court denies relief.

---

[11] N.Y. Crim. Proc. Law § 400.16(2) provides that: "The requirements set forth in subdivision[] two . . . of section 400.15 with respect to the statement to be filed . . . shall also apply to a determination of whether a defendant has been subject to two or more violent predicate felony convictions and is a persistent violent felony offender."

In addressing the legality of the procedure used to adjudicate petitioner as a persistent violent felony offender, the Appellate Division noted that "the defendant does not dispute that his incarceration was long enough that the prior sentence was imposed within the 10-year limitation period. Under the circumstances, the omission of the tolling information in the statement was harmless." *Haynes*, 70 A.D.3d at 719. Because the Appellate Division's decision was on the merits,[12] this Court will apply the deferential AEDPA standard of review to petitioner's claim. *See, e.g., Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) ("When the state court has adjudicated the merits of the petitioner's claim, we apply the deferential standard of review established by [AEDPA] . . . .").

### i. No Review of State Law Violations

For a conviction to qualify as a predicate felony under New York Penal Law § 70.08(1)(a), the sentencing of such conviction "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted."[13] N.Y. Penal Law

§ 70.04(1)(b)(iv). If the sentencing of a prior conviction exceeds this ten year limitation period, the prosecutor must file a statement that includes "the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration . . . ." N.Y. C.P.L. § 400.15(2).

Although petitioner contends that the prosecutor violated N.Y. Crim. Proc. Law § 400.16(2) by failing to include the date of commencement and the date of termination, as well as the place of imprisonment for each period of incarceration, this claim asserts only a state law violation, which is not cognizable on federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Knapp v. Leonardo*, 46 F.3d 170, 181 (2d Cir. 1995).

### ii. Failure to Raise an Objection

Even assuming, *arguendo*, that this state law claim can be reviewed in federal court, petitioner's contention fails because during the plea proceeding, petitioner did not contest the use of the prior convictions contained in the predicate felony statement. As this Court has stated, "when . . . the defendant fails to raise an objection, and when, as a result, the legality of the sentence cannot be determined by this court upon the information contained in the appellate record, review as a matter of law should be denied." *Delston v. New York*, No. 07-CV-

---

[12] An "adjudication on the merits" is one that (1) disposes of the claim on substantive grounds, and (2) reduces that disposition to judgment. *Eze v. Senkowski*, 321 F.3d 110, 122 (2d Cir. 2003). "An issue may be considered to be adjudicated on its merits even when the state court does not specifically mention the claim but uses general language referable to the merits." *Id.*

[13] To calculate the ten year limitation period set forth in Penal Law § 70.04(1)(b)(iv), subparagraph (v) of the same subdivision states: "Any period of time during which the person was incarcerated for any reason between the time of the commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration." N.Y. Penal Law § 70.04(1)(b)(v). Here, petitioner has not provided information, nor does the record clearly indicate, that the persistent violent felony offender

statute was inapplicable at his sentencing. Moreover, the record indicates that petitioner has been convicted ten times between the time of the commission of the 1983 felony and the time of commission of the current felony. (NYS DCJS Repository Response, ECF No. 10-3.)

4373(JFB), 2010 WL 3004591, at *10 (E.D.N.Y. July 29, 2010).[14]

At the plea proceeding, petitioner did not contest the use of either the 1983 or 2001 convictions. (P. at 17.) When asked how he wished to respond to these accusations, petitioner voluntarily admitted them, instead of standing mute or denying them. (*Id*. at 18.) Although not the case for the 2001 conviction, petitioner's 1983 conviction clearly falls outside the ten year limitation period set forth in New York Penal Law § 70.04(1)(b)(iv); objecting on this ground at the plea hearing would thus seem apparent, even if specific factual information pursuant to N.Y. Crim. Proc. Law § 400.16(2) was omitted. However, petitioner failed to contest the use of the 1983 conviction at the time of his plea. (*Id*. at 17.) Moreover, petitioner conferred with his attorney before admitting to the predicate convictions. (*Id*. at 15.)

_____

[14] In *Delston*, the petitioner alleged that his adjudication as a second felony offender was improper on two grounds. First, the petitioner contended that his adjudication was improper because the prosecutor did not file the requisite prior felony offender statement before the sentencing proceeding. Because the sentencing court allegedly failed to compare the statute on which the petitioner's felony conviction was based to the comparable New York statute, petitioner also argued that the sentencing court did not adequately determine if his conduct would be a felony in New York. *Id*. In rejecting petitioner's claim, this Court noted that, "'the essential purpose of the predicate felony statement has been served when the prosecution has identified the prior conviction upon which it will rely in seeking a second felony offender adjudication. Once the predicate felony conviction has been identified, the defendant is fully able to assert whatever reason he might have for believing that such conviction may not be used to enhance his sentence.'" *Id*. (quoting *People v. Sullivan*, 153 A.D.2d 223, 232-33 (2d Dep't 1990) (collecting cases)). Delston therefore waived his right to challenge the use of his prior conviction and its validity by failing to contest the use thereof or request a hearing thereon. *Id*.

During the course of petitioner's plea, the purpose of the predicate felony statement was served. Thus, petitioner had notice of the predicate felonies the People wished to use against him in seeking a persistent violent felony offender status; moreover, petitioner had the opportunity to assert his objections, such as the use of a prior conviction exceeding the ten year limitation period. As the transcript of the plea hearing demonstrates, petitioner received "reasonable notice and an opportunity to be heard," *Oyler v. Boles*, 368 U.S. 448, 452 (1962), relative to the predicate felonies that were used to adjudicate him as a persistent violent felony offender under New York's recidivist sentencing statute. Petitioner did not controvert the use of his prior convictions; petitioner cannot now challenge the trial judge's reliance on a conviction that he did not contest at the plea hearing. *See Delston*, 2010 WL 3004591, at *10. Given petitioner's notice of the predicate felonies to serve in his adjudication as a persistent violent felony offender, and his opportunity to controvert the use thereon, review as a matter of law is denied.[15]

### iii. No Collateral Attack on Prior Convictions

Even assuming *arguendo* that petitioner's claim was reviewable and that petitioner adequately stated his grounds for contesting the 1983 conviction, the claim is without merit. As the Supreme Court stated

_____

[15] To the extent that petitioner challenges his adjudication as a persistent violent felony offender on the ground that the 1983 conviction was unconstitutional, petitioner waived his right to controvert the validity of this conviction by failing to raise such an objection at the time of his plea. *See Delston*, 2010 WL 3004591, at *10; *Phelps v. McLellan*, 95 Civ. 7868(JFK), 1998 WL 470511, at *1 (S.D.N.Y. Aug. 11, 1998); *People v. Dickerson*, 202 A.D.2d 247, 247 (1st Dep't 1994). In any event, petitioner has not set forth an adequate basis for a finding that the 1983 conviction was unconstitutional.

in *Lackawanna County District Attorney v. Coss*,

> once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. 394, 403-04 (2001) (citation omitted). The Court recognized an exception to this general rule for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment . . . ." *Id.* at 404. "Thus, it is clear that the Supreme Court has sharply distinguished between collateral attacks to previous convictions used for enhancing a sentence between those based on actual failure to appoint counsel and those based on other possible trial defects, including the denial of the effective assistance of counsel." *Bowers v. Miller*, No. 05-CV-6023L, 2009 WL 2045680, at *16 (W.D.N.Y. July 10, 2009).

Petitioner does not argue that he was denied counsel in his 1983 conviction. Rather, it appears that he argues his counsel in the 1983 case was ineffective for failing to procure youthful offender status. Petitioner's 1983 conviction was conclusively valid. As such, habeas relief is not warranted.

\* \* \*

For these reasons, there is no basis for this Court to conclude that the state court's decision was either an unreasonable determination or contrary to clearly established federal law.

### 3. Validity of Guilty Plea

Petitioner argues that his guilty plea was less than voluntary, knowing, and intelligent because the predicate statement allocuted to him by the court did not list specific factual information set forth in N.Y. Crim. Proc. Law § 400.15(2). (Pet'r's Br. at 7-9.) Petitioner also argues that his guilty plea was involuntarily induced because he received ineffective assistance of counsel. (*Id.*) As discussed *supra*, this Court finds that petitioner's claim is procedurally barred on an independent and adequate state-law ground. Even if it were not, petitioner's claim is without merit. The Court therefore denies petitioner habeas relief on this ground.

In addressing the alleged effect of petitioner's factually insufficient predicate felony statement on the voluntariness of his plea, the Appellate Division stated that "the omission of the tolling information in the statement was harmless." *Haynes*, 70 A.D.3d at 719. The Appellate Division's decision was clearly on the merits of the petitioner's claims; therefore, the deferential AEDPA standard of review must be applied. In applying this standard, the Court finds that the Appellate Division's decision was not contrary to, or an unreasonable application of, Supreme Court precedent.

### a. Legal Standard

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks and citations omitted)); *see*

*also Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (plea is valid when it is both knowingly and voluntarily made). Where "a defendant is represented by counsel during the plea process, and enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal quotation marks and citations omitted).

The Supreme Court has held that, under the Due Process Clause of the United States Constitution, a trial court can only accept a guilty plea which is done "voluntarily, knowingly, and intelligently, with sufficient awareness of relevant circumstances and likely consequences." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (internal quotation marks and citations omitted); *accord Godinez v. Moran*, 509 U.S. 389, 400 (1993). While a plea "is not ordinarily subject to collateral attack," it "may be collaterally attacked if it was not knowing or not voluntary . . . ." *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998); *see also U.S. ex rel Scott v. Mancussi*, 429 F.2d 104, 107 (2d Cir. 1970) ("[A] conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral attack by federal habeas corpus.").

"A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a rudimentary way,' and it is considered 'voluntary if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Manzullo v. New York*, No. 07 CV 744(SJF), 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)). Indeed, a "plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper." *Bousley v. United States*, 523 U.S. 614, 619 (1998) (internal alteration, citations, and quotation marks omitted).

b. Application

There is nothing in the record to indicate that petitioner's plea was less than voluntary, knowing, and intelligent. A review of the transcript from the plea hearing demonstrates that petitioner was informed and aware of the consequences of his guilty plea. In fact, petitioner fully recognized the nature of the charges against him and the rights he was waiving by entering a guilty plea. (P. at 6-8.) Petitioner assured the court that he was entering the plea, including the waiver of his right to appeal, freely and voluntarily. (*Id.* at 8.) Moreover, petitioner denied that his decision to plead guilty was the result of any threats or coercion. (*Id.* at 9.) Petitioner also stated to the court that he was not under the influence of any drugs, medicine, alcohol or any substance that could affect or impair his ability during the plea proceeding. (*Id.*) To the extent petitioner alleges that his guilty plea was involuntarily induced due to the ineffective assistance of his counsel, petitioner has not put forth any information in support of this contention. On the contrary, petitioner stated at his plea hearing that he had a sufficient amount of time to discuss the plea with his attorney, and that he was satisfied with counsel's representation. (*Id.* at 5-6.) During the plea hearing, petitioner also consulted with his attorney before and after the court allocuted him to the predicate statement pursuant to N.Y. Crim. Proc. Law § 400.16(2). (*Id.* at 15, 18.) Therefore, the record does not indicate that petitioner's guilty plea was less

than voluntary, knowing, and intelligent because he received ineffective assistance of counsel.

In light of the statements set forth in the transcript from the plea, petitioner's unsupported claim that his guilty plea was not voluntary does not warrant habeas relief. A criminal defendant's self-inculpatory "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) (citations omitted). Considering the great weight given to a defendant's statements made during his plea, petitioner has failed to demonstrate that his current allegations merit serious consideration. Therefore, the Court finds that petitioner's guilty plea was voluntary, knowing, and intelligent. The state court decision regarding the voluntariness of petitioner's plea was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

#### 4. Ineffective Assistance of Counsel

Petitioner further contends that he received ineffective assistance of counsel because counsel failed to: (1) explore the constitutionality of petitioner's 1983 conviction; (2) challenge the inclusion of petitioner's prior violent felony convictions in the predicate statement filed pursuant to N.Y. Crim. Proc. Law § 400.16(2), as a violation of the principles announced in *Crawford*; and (3) address petitioner's drug use at either the plea or sentencing hearing, despite the presentence investigation report making note of such history. (Pet'r's Br. at

4-7.) As discussed *supra*, this Court finds that petitioner's ineffective assistance of counsel claims are procedurally barred, and to the extent that petitioner bases such claims on his attorney's failure to investigate, this Court finds petitioner's claims unexhausted and thus not properly reviewable. For the reasons set forth below, this Court also determines that petitioner's claims of ineffective assistance of counsel are without merit.

In its decision, the Appellate Division stated that "the defendant was afforded meaningful representation." *Haynes*, 70 A.D.3d at 718-19. Because the Appellate Division disposed of petitioner's claim on the merits, this Court must apply the deferential AEDPA standard of review. *See, e.g., Dolphy*, 552 F.3d at 238.

#### a. Legal Standard

Under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: that (1) "counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 680, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The first prong requires a showing that counsel's performance was deficient. However, "[c]onstitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The

performance inquiry examines the reasonableness of counsel's actions under all circumstances, keeping in mind that a "'fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Id.* (quoting *Rompilla v. Beard*, 545 U.S. 374, 408 (2005)). In assessing performance, a court "must apply a 'heavy measure of deference to counsel's judgments.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996), and "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,'" *id.* at 588 (quoting *Strickland*, 466 U.S. at 690-91). "However, 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Id.* (quoting *Strickland*, 466 U.S. at 690-91.)

The second prong focuses on prejudice to a petitioner. A petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" means that the errors were of a magnitude such that it "'undermine[s] confidence in the outcome.'" *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). "'[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilty.'" *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695. "'An error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 691). Moreover, "[u]nlike the determination of trial counsel's performance under the first prong of *Strickland*, the determination of prejudice may be made with the benefit of hindsight." *Hemstreet v. Greiner*, 491 F. 3d 84, 91 (2d Cir. 2007) (internal quotation marks and citations omitted).

This Court proceeds to examine petitioner's claim, keeping in mind that the habeas petitioner bears the burden of establishing both deficient performance and prejudice. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

## b. Application

### i. Failure to Explore the Constitutionality of Petitioner's 1983 Conviction

Petitioner alleges that the failure of defense counsel to inquire into the validity of his 1983 conviction constituted ineffective assistance of counsel. (Pet'r's Br. at 6-7.) Petitioner argues that he could have been adjudicated as a youthful offender when he was convicted in 1983, and counsel should have investigated whether his failure to be adjudicated as such was unconstitutional. (*Id.* at 6.) As discussed *supra*, petitioner's claim is procedurally barred by his valid waiver of the right to appeal. Furthermore, there is no evidence in the record to support petitioner's claim based on counsel's failure to investigate the validity of his 1983 conviction. Therefore, petitioner's claim of ineffective assistance of counsel is not exhausted and is procedurally barred. Even assuming, *arguendo*, that petitioner's claim can be reviewed, it lacks

merit and cannot be the basis for habeas relief.

Under New York law,

> [w]here a defendant fails to challenge the constitutionality of a prior conviction at the appropriate time, and fails to demonstrate good cause for such failure, he waives any future challenge to the constitutionality of the prior conviction for sentence enhancement purposes . . . . Where such predicate violent felony offender finding has been made, it shall be binding upon that defendant in any future proceeding in which the issue may arise. Furthermore, a defendant is precluded by statute from contesting the use of a prior conviction as a predicate conviction where he has previously been adjudicated a second violent felony offender based on that conviction.

*People v. Odom*, 63 A.D.3d 408, 409 (1st Dep't 2009) (citations omitted).

Petitioner has failed to satisfy either prong of the *Strickland* test. First, as far as the record before this Court shows, there was nothing to put petitioner's counsel on notice that his 1983 conviction may have possibly been unconstitutional.[16] In fact,

during the plea hearing, petitioner did not raise any constitutional objections to his prior convictions when prompted by the court. (P. at 18.) Thus, it was not unreasonable for counsel to fail to inquire into the constitutionality of petitioner's 1983 conviction when the evidence does not indicate that counsel was aware of any reason to do so. Applying the appropriately "heavy measure of deference to counsel's judgments" regarding which issues to investigate and to what extent, *Strickland*, 466 U.S. at 691, the Court concludes that counsel's performance was not deficient.

Even if petitioner raised his concerns to his counsel, given petitioner's failure to challenge the 1983 conviction at the appropriate time, and the reliance on the 1983 conviction in the 2001 sentencing, counsel's performance in not challenging the constitutionality of the 1983 conviction was well within the objective standard for reasonableness under *Strickland*. (*See* P. at 12 ("You've already been deemed what is known as a prior violent felony offender.")).

Even if this Court assumes that counsel's performance was deficient, petitioner is unable to demonstrate that he was prejudiced as a result; therefore he does not satisfy *Strickland*'s second prong. As

---

[16] There is nothing in the record to suggest that petitioner's counsel was aware of any constitutional problems with the prior convictions. *Compare Nunez v. Costello*, 93 Civ. 5282(JSM), 1994 WL 719686, at *4 (S.D.N.Y. Dec. 28, 1994) ("[T]he court refuses to second-guess the failure of petitioner's counsel at sentencing to inquire as to the constitutionality of petitioner's [prior] conviction" because "[a]fter conferring with counsel, petitioner voiced no objection to the prior conviction.") *and Pendleton v. Scully*, 664 F.Supp. 100, 104 (S.D.N.Y. 1987) ("While counsel's failure to inquire into the circumstances of the prior conviction might in some

cases be unreasonable under professional norms, this is not such a case. It was not unreasonable for counsel to fail to contest the prior guilty plea when he was unaware of any grounds on which to contest it.") *with Mask v. McGinnis*, 28 F.Supp.2d 122, 123-35 (S.D.N.Y. 1998) (where New York law clearly provides that, in order to be adjudicated a violent persistent felony offender, a defendant must have at least two prior convictions and sentence must have been imposed for the prior convictions before commission of the present felony, defense counsel's failure to recognize defendant's status as a second violent felony offender rather than a persistent felony offender – by virtue of the fact that he had not yet been sentenced on one of the two prior felony convictions – constituted ineffective assistance), *aff'd* 233 F.3d 132 (2d Cir. 2000).

*Strickland* makes clear, petitioner must show that there is "a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, petitioner does not allege that he would have chosen not to plead guilty but for counsel's failure to investigate the validity of his 1983 conviction. Accordingly, petitioner's claim fails.

### c. Failure to Challenge Predicate Statement as a Violation of *Crawford*

Petitioner alleges that his counsel's failure to challenge the predicate statement as a violation of *Crawford* constitutes ineffective assistance of counsel. (Pet'r's Br. at 7.) As an initial matter, petitioner's claim of ineffective assistance of counsel is procedurally barred through an independent and adequate state-law ground, as discussed *supra*. However, even assuming *arguendo* that petitioner's claim is reviewable, petitioner has failed to satisfy the standard set forth in *Strickland*. The claim is therefore denied by this Court.

First, petitioner has failed to show that counsel's failure to raise a *Crawford* challenge to the inclusion of his prior convictions in the predicate statement represents deficient performance. In fact, the Second Circuit has found that the right of confrontation does not pertain to sentencing proceedings. *See United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) ("Both the Supreme Court and this Court, however, have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings."). Because the right of confrontation is inapplicable in sentencing proceedings, petitioner has not shown how counsel's failure to raise a *Crawford* challenge at the plea hearing

establishes representation "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 680. Thus, the Court does not find counsel's performance to be constitutionally defective in this respect.

Notwithstanding petitioner's failure to satisfy the first prong of *Strickland*, petitioner also is unable to demonstrate that he was prejudiced as a result of counsel's failure to raise a *Crawford* challenge to the predicate statement. Petitioner has not alleged that, but for counsel's purported error, a reasonable probability exists that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Therefore, petitioner has failed to reach the second prong of *Strickland*.

### d. Failure to Address Petitioner's Drug Use

Petitioner also alleges that his counsel's failure to address his drug use at either the plea or sentencing hearing constitutes ineffective assistance of counsel. (Pet'r's Br. at 7.) As a threshold matter, petitioner's ineffective assistance of counsel claim is procedurally barred as discussed *supra*. However, even assuming *arguendo* that this claim could be reviewed, petitioner has failed to satisfy the first prong of *Strickland*. Although petitioner notes that his drug use and its relation to the crime were mentioned in the presentence investigation report, he fails to suggest how or why counsel should have presented this information to the court. As petitioner has failed to demonstrate how his counsel's behavior in this regard fell outside the "wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690, he does not meet the first prong of *Strickland*. In any event, petitioner fails to satisfy the second prong of *Strickland* because he has not demonstrated how counsel's failure to address his drug use at either the plea or sentencing hearing has

prejudiced him. This Court finds that petitioner's claim is without merit.

Because petitioner has not demonstrated that he was denied effective assistance of counsel or that he was prejudiced by any of counsel's alleged deficiencies, petitioner's claim for habeas relief on this ground fails.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the petitioner has demonstrated no basis for habeas relief under 28 U.S.C. § 2254. All of petitioner's claims are plainly without merit. Therefore, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  December 21, 2012
          Central Islip, New York

*   *   *

Petitioner is proceeding *pro se*. Respondent is represented by Thomas Spota, District Attorney of Suffolk County, by Karla L. Lato, 200 Center Drive, Riverhead, NY 11901.